IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STANLEY A. DURAJ | : | Case No.: 1:17-cv-775-DCN |
| Plaintiff, | : | |
| | : | Judge Nugent |
| v. | : | Magistrate Judge Baughman |
| | : | |
| PNC BANK, N.A., | : | **DEFENDANT PNC BANK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R.CIV.P. 12(b)(6)** |
| Defendant. | : | |

## I. INTRODUCTION

Plaintiff's Response provides a recitation of the Fair Credit Reporting Act's ("FCRA") purposes and legislative history, but fails to identify a single concrete injury sufficient to establish Article III standing. According to Plaintiff, a statutory violation of the FCRA that results in an alleged invasion of privacy, by itself, is sufficient to establish standing. However, this controverts the Supreme Court's decision in *Spokeo v. Robins,* which found a bare violation of the FCRA, divorced from any concrete harm, is insufficient to establish standing. For this reason, Plaintiff's Complaint must be dismissed.

Even assuming Plaintiff has standing to bring his claims (which he does not), his Complaint does not properly plead willful and negligent violations of the FCRA. Plaintiff does not contest that he failed to plead facts suggesting PNC had actual knowledge it did not have a permissible purpose to obtain Plaintiff's consumer report, and instead conclusory asserts PNC's conduct constituted a knowing and willful violation of the FCRA. Numerous courts, however, have rejected similar conclusory allegations and found those allegations to be insufficient to establish a willful violation of the FCRA. Plaintiff's Complaint also fails to plead a negligent violation of the FCRA,

as Plaintiff failed to allege actual damages and instead asserted only generalized claims of mental distress. For this additional reason, Plaintiff's Complaint should be dismissed.

## II. LAW AND ANALYSIS

### A. UNDER *SPOKEO*, PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS BECAUSE HE HAS NOT ASSERTED A CONCRETE INJURY.

In his Memorandum in Opposition, Plaintiff baldly asserts, "it is clear the violations alleged by Mr. Duraj resulted in an invasion of his privacy, a clear form of concrete harm." But a statutory violation that results in an invasion of privacy is not a "concrete harm" for Article III purposes. *See Spokeo v. Robins,* 578 U.S. ___ (2016) (slip op. at 9-10); *Smith v. Ohio State Univ.,* 191 F.Supp.3d 750 (S.D. Ohio 2016).

Plaintiff relies on *In Re: Nickelodeon Consumer Privacy Litigat.,* -- F.3d --, 2016 WL 3513782 (3d Cir. June 27, 2016) to argue an invasion of privacy constitutes sufficient concrete injury to satisfy Article III standing. As an initial matter, *In Re: Nickelodeon Consumer Privacy Litigat.* did not concern an alleged violation of the FCRA. Furthermore, the purported injury in that case was related to the defendants' **disclosure** of information relating to the plaintiffs' online behavior. Here, Plaintiff does not allege PNC disclosed his personal information, but instead alleges PNC merely improperly accessed his credit report. Accordingly, *In Re: Nickelodeon Consumer Privacy Litigat.* is inapposite.

Plaintiff also claims he is entitled to maintain this action under *Spokeo* because the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. However, "*Spokeo* teaches . . . that a mere wave of the Congressional hand is not enough to render an abstract injury concrete." *In*

*re Michaels Stores, Inc.,* No. 14-7563, 2017 U.S. Dist. LEXIS 9310 (D.N.J. Jan. 24, 2017). Here, Plaintiff alleges nothing more than an abstract injury: a violation of the FCRA that allegedly invaded Plaintiff's privacy. Plaintiff does not allege any concrete harm, such as a diminished credit score or loss of employment opportunity, to establish injury in fact. This "bare procedural violation" of the FCRA, which is "divorced from any concrete harm" cannot satisfy the injury in fact requirement of Article III standing. *See Spokeo v. Robins,* 578 U.S. ___ (2016) (slip op. at 9-10). For this reason, Plaintiff lacks standing to bring his claims against PNC for its alleged violation of the FCRA.

    **B.** **PLAINTIFF DOES NOT DISPUTE THAT HE FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH AND WILLFUL AND NEGLIGENT VIOLATIONS OF THE FCRA.**

Plaintiff's Memorandum in Opposition does not dispute Plaintiff failed to adequately plead a willful and negligent violation of the FCRA. With respect to PNC's alleged willful violation of the FCRA, Plaintiff's conclusory allegations that PNC's actions were willful are insufficient as a matter of law. Plaintiff does not allege PNC received a copy of the Bankruptcy's Court's discharge order such that it knew Plaintiff no longer maintained an account at PNC at the time of the alleged soft pull. Nor does Plaintiff allege PNC engaged in a pattern of soft pulls, which may suggest knowledge on PNC's behalf. Instead, Plaintiff claims, with no factual support whatsoever, PNC "had actual knowledge that it did not have a permissible purpose to obtain such [credit] information." (Complaint at ¶ 30). This allegation is insufficient as a matter of law. *See Perl v. Am. Express,* S.D.N.Y., 2012 U.S. Dist. LEXIS 7719 (Jan. 19, 2012); *Mnatsakanyan v. Goldsmith & Hull APC,* 2013 U.S. Dist. LEXIS 189380 (C.D. Cal. May 14, 2013).

Plaintiff cites *Haberman v. PNC Mortgage Company,* 915 F.Supp.2d 800, 807-808 (E.D. Tex. 2013) for the proposition that each and every access into a consumer's credit report information subsequent to a bankruptcy discharge is a willful violation of the FCRA. But that case is inapplicable for a few reasons. First, the Court in that case found PNC had notice of the borrower's bankruptcy discharge order. *Haberman v. PNC Mortgage Company,* 2012 U.S. Dist. LEXIS 191086 (E.D. Tex. 2013). Here, Plaintiff does not allege PNC was aware of his bankruptcy discharge. Second, *Haberman* concerned allegations of repeated soft pulls, including soft pulls after the initiation of the lawsuit, which suggested PNC was willfully violating the FCRA *Id.* at \*5. Here, Plaintiff alleged only one soft pull by PNC. Accordingly, *Haberman* does not "debunk[] PNC's argument that Plaintiff fails to adequately plead a willful violation of the FCRA," as Plaintiff claims. (Memorandum in Opposition at p. 8, fn. 3).

Plaintiff also fails to state a claim for a negligent violation of the FCRA because he fails to allege actual damages. Plaintiff's Complaint alleges damages for "past and future mental distress and emotional anguish from the ongoing (and threatened future) invasion of Plaintiff's privacy and other damages and harm." Although actual damages may include emotional distress under limited circumstances, generalized claims of emotional injury are not enough to establish damages. *Garrett v. Trans Union, LLC,* 2006 U.S. Dist. LEXIS 73395, 2006 WL 2850499, \*30 (S.D. Ohio Sept. 29, 2006). Therefore, Plaintiff cannot maintain a claim for a negligent violation of the FCRA.

### III. CONCLUSION

For the reasons stated above, PNC Bank respectfully requests that this Court dismiss Plaintiff's claims, with prejudice.

Respectfully submitted,

*/s/ H. Toby Schisler*
H. Toby Schisler (0068306)
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Phone: (513) 977-8200
Fax:    (513) 977-8141
Email: toby.schisler@dinsmore.com
**Attorney for Defendant PNC Bank**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing **Motion to Dismiss** was served via the Court's CM/ECF filing system on July 24, 2017.

*/s/ H. Toby Schisler*