## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| STANLEY A. DURAJ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:17-CV-0775 |
| | ) | |
| v. | ) | Judge Donald C. Nugent |
| | ) | |
| | ) | |
| PNC BANK, N.A. and | ) | **FIRST AMENDED COMPLAINT** |
| CITIZENS FINANCIAL GROUP, INC. | ) | |
| | ) | **With Jury Demand Endorsed Hereon** |
| Defendants. | ) | |

COMES NOW Plaintiff, Stanley A. Duraj, by and through the undersigned counsel, and for his Complaint against Defendants, PNC Bank, N.A. and Citizens Financial Group, Inc., states and avers as follows:

### INTRODUCTION

1.      It is illegal for an entity to conduct "account review" credit report inquiries in connection with a customer whose account was discharged in bankruptcy.  The plain language of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, its legislative history, and Federal Trade Commission opinion letters on point are all clear on this issue.  *See* 15 U.S.C. §§ 1681*b*(f) and 1681*b*(a)(3); Committee Reports, 104th Congress, Senate Report No. 104-185 (1995-1996) at 35; Letter dated April 29, 1999 from Ronald G. Isaac, Federal Trade Commission to Don Gowen, Security Mutual Financial Services, Inc.; Letter dated April 30, 1999 from Clarke W. Brinckerhoff, Federal Trade Commission to Kenneth J. Benner, American Counsel on Consumer Awareness.

2.      Federal courts have confirmed what the law is in this area, *see, e.g., Goodby v. Wells Fargo Bank, N.A.*, 599 F.Supp.2d 934, 942 (S.D. Ohio 2008), specifically holding that post-discharge account reviews constitute a *willful* violation of the FCRA under the Supreme Court standard in *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007).  *See Haberman v. PNC Mortgage Company*, 915 F.Supp.2d 800, 807 (E.D. Tex. 2013).

3.      This is an action for actual and statutory damages against Defendants, PNC Bank, N.A. ("PNC Bank") and Citizens Financial Group, Inc. ("Citizens"), for their respective willful practice of requesting and obtaining credit reports without a permissible purpose as expressly required by the FCRA.

## PARTIES

4.      Plaintiff is an adult individual presently residing in Cleveland, Cuyahoga County, Ohio.

5.      Defendant, PNC Bank, is a national bank association with its principal place of business in Pittsburgh, Pennsylvania.  PNC Bank does business in this judicial district and throughout the State of Ohio.

6.      Defendant, Citizens, is a national bank headquartered in Providence, Rhode Island, and is engaged in the business of consumer finance in the Northern District of Ohio, the State of Ohio, and in other States in the United States.

7.      Defendants are each a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

8.      Defendants are each a furnisher of consumer credit information to the three (3) national consumer reporting agencies.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.   Venue in this District is proper because Defendants transact business in this District, Plaintiff is a resident of this District, and the conduct complained of occurred in this District.

## FACTUAL ALLEGATIONS

### Background

10.      Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Ohio, Case No. 14-10658-jps, in February 2014.

11.      Plaintiff had one or more account(s) with PNC Bank prior to the filing of his bankruptcy.

12.      Plaintiff had one or more account(s) with Charter One Bank (subsequently transferred, sold to or purchased by Citizens) and/or Citizens prior to the filing of his bankruptcy.

13.      On or around May 21, 2014, the Bankruptcy Court issued an order granting Mr. Duraj a discharge.

14.      Each Defendant is specifically listed as receiving notice of Plaintiff's bankruptcy discharge on the Certificate of Notice filed the same day.  Therefore, each Defendant had actual knowledge of Plaintiff's discharge as of May 2014.

15.      The Discharge Order terminated any rights either Defendant had against any personal obligation by Mr. Duraj with respect to payment of any underlying debt(s) he had with Defendants at that time.

16.      At no time during the Chapter 7 case did Mr. Duraj reaffirm any debt with either Defendant.

**Defendants' Impermissible Credit Pulls**

17.     On April 22, 2015 – almost a full year *after* Plaintiff's discharge – PNC Bank requested and obtained Mr. Duraj's consumer report information from Experian Information Solutions, Inc. ("Experian").

18.     Upon information and belief, and as indicated on Plaintiff's Experian consumer credit report, PNC Bank represented to Experian that its request for Plaintiff's consumer report information was for "account review" purposes.

19.     In April 2015, Mr. Duraj had no personal obligation on any account with PNC Bank.  In fact, he has not requested or otherwise initiated any credit transaction or debt obligation with PNC Bank at any time since his Chapter 7 bankruptcy.

20.     On August 11, 2015, well more than a year after Plaintiff's discharge, Citizens requested and obtained Mr. Duraj's consumer report information from Equifax Information Services, Inc. ("Equifax").

21.     Upon information and belief, and as indicated on Plaintiff's Equifax consumer credit report, Citizens represented to Equifax that its request for Plaintiff's consumer report information was for "account review" purposes.

22.     In August 2015, Mr. Duraj had no personal obligation on any account with Citizens.  In fact, he has not requested or otherwise initiated any credit transaction or debt obligation with Citizens at any time since his Chapter 7 bankruptcy.

23.     Plaintiff fears and believes that Defendants have and/or will continue to illegally access his private personal and financial information.

24.     Plaintiff fears and believes that such illegal intrusion(s) into his credit report information may signal illegal collection efforts taken and/or planned against him by one or both

Defendants.  At a minimum, these intrusions by Defendants pester Plaintiff and prevent him from enjoying the Fresh Start he was promised through his bankruptcy.

25.     Upon information and belief, Defendants have received dozens, if not hundreds, of disputes from consumers, like Plaintiff, complaining that Defendants illegally accessed their credit reports in similar circumstances.

26.     Upon information and belief, despite such disputes, Defendants continue to illegally access the credit report information of consumers, like Plaintiff, whose accounts were discharged in bankruptcy intentionally or with conscious disregard of these individual's privacy rights as specifically recognized and codified in the FCRA.

27.     Upon information and belief, each Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to illegal access of consumer reports post-bankruptcy discharge with no intention of stopping.

**DAMAGES**

28.     Each Defendant's conduct has been the producing and proximate cause of past and future mental distress and emotional anguish from the ongoing (and threatened future) invasion of Plaintiff's privacy and other damages and harm that will be presented to the jury.

29.     It is unfair and unjust that Defendants may simply disregard the Discharge Order – an Order intended to protect Mr. Duraj from additional intrusions into his privacy – with seemingly no consequence whatsoever.  Plaintiff has suffered a loss of trust and faith that Defendants have no respect for the law or Mr. Duraj's privacy rights, and take no responsibility for their wrongdoing.

30.     Plaintiff is entitled to actual damages, punitive damages, statutory damages, and/or all other appropriate measures to punish and deter future misconduct by Defendants and similar companies.

## COUNT ONE

### (Negligent and Willful Violations of 15 U.S.C. § 1681*b*(f))

### (Against PNC Bank)

31.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

32.     The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

> (f)  Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless –
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2)  the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681*b*(f).

33.      Section 1681*b*(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

> (a) In General. – * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> *     *     *
> (3)  To a person which it has reason to believe –
>
> > (A)   intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

\*     \*     \*

(F)  otherwise has a legitimate business need for the information \* \* \*

> (ii)  to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681*b*(a)(3).

34.     On one or more occasion subsequent to Mr. Duraj's bankruptcy discharge, PNC Bank requested and obtained his consumer report from Experian.

35.     As indicated on Plaintiff's Experian credit report, PNC Bank represented to Experian that such requests were made for "account review" purposes.

36.     As similarly reflected on Plaintiff's Experian credit report, PNC Bank knew that any debt or personal obligation to pay on any account previously held by Plaintiff had been discharged in bankruptcy.

37.     When requesting and obtaining Mr. Duraj's consumer credit report information from Experian as described herein, PNC Bank had actual knowledge that it did not have a permissible purpose to obtain such information.

38.     PNC Bank has actual knowledge that as of Mr. Duraj's bankruptcy discharge in May 2014, PNC Bank was legally prohibited from pursuing any collection against Mr. Duraj about any accounts he may have had with PNC Bank prior to his bankruptcy discharge so as to justify an account review of his credit information.  As such, PNC Bank had actual knowledge that it did not have a permissible purpose to access his credit information.

39.     PNC Bank has actual knowledge that Mr. Duraj did not request credit from or otherwise initiate a credit transaction with PNC Bank at any time after May 2014. As such, PNC

7

Bank had actual knowledge that it did not have a permissible purpose to access his credit information.

40.     For PNC Bank to request and obtain Mr. Duraj's private, personal and financial information in the face of actual knowledge that it had no permissible purpose to do so constitutes a knowing and willful violation of the FCRA.

41.     Upon information and belief, PNC Bank is unwilling or unable to prevent its system from requesting and obtaining Mr. Duraj's consumer report without a permissible purpose, thereby subjecting him to having his private, personal and financial information disclosed without his consent, authorization or other legal justification.

42.     Mr. Duraj is dumbfounded and disgusted that PNC Bank continues to blatantly disregard his rights.

43.     As a direct and proximate result of PNC Bank's conduct as outlined above, Mr. Duraj has suffered and will continue to suffer substantial injury including, but not limited to, mental anguish and emotional distress from the ongoing invasion of his privacy, entitling him to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

44.     PNC Bank's conduct reveals a conscious and reckless disregard of Mr. Duraj's rights.  The injuries suffered by Mr. Duraj are attended by circumstances of fraud, malice and willful and wanton misconduct entitling him to statutory damages in the amount of up to $1,000.00 per violation pursuant 15 U.S.C. § 1681*n*(a)(2), plus punitive damages in an amount to be determined.

**WHEREFORE** Plaintiff prays for judgment on this Claim for Relief in his favor and against PNC Bank, and for the following relief:

(a)      Actual damages sustained;

(b)      Statutory damages of not less than $100 and not more than $1000 on each willful

violation of the FCRA;

(c)      Punitive damages in an amount to be determined by the jury;

(d)      Reasonable attorneys' fees and costs; and

(e)      Any other and/or further relief as deemed appropriate and just by this Honorable
Court.

## COUNT TWO

### (Negligent and Willful Violations of 15 U.S.C. § 1681*b*(f))

### (Against Citizens)

45.      Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as

if fully rewritten here.

46.      The FCRA establishes very specific rules limiting when and why an entity can

obtain a consumer report:

(f) Certain use or obtaining of information prohibited. – A person shall not use or
obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer
report is authorized to be furnished under this section; and

(2)  the purpose is certified in accordance with section 1681e of this title by a
prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681*b*(f).

47.       Section 1681*b*(a)(3) lists the all-inclusive purposes for which a consumer report

can be obtained:

(a) In General. – * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:

\* \* \*

(3)  To a person which it has reason to believe –

   (A)   intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

\* \* \*

   (F)  otherwise has a legitimate business need for the information * * *

      (ii)  to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681*b*(a)(3).

48.     On one or more occasion subsequent to Mr. Duraj's bankruptcy discharge, Citizens requested and obtained his consumer report from Equifax.

49.     As indicated on Plaintiff's Equifax credit report, Citizens represented to Equifax that such requests were made for "account review" purposes.

50.     As similarly reflected on Plaintiff's Equifax credit report, Citizens knew that any debt or personal obligation to pay on any account previously held by Plaintiff had been discharged in bankruptcy.

51.     When requesting and obtaining Mr. Duraj's consumer credit report information from Equifax as described herein, Citizens had actual knowledge that it did not have a permissible purpose to obtain such information.

52.     Citizens has actual knowledge that as of Mr. Duraj's bankruptcy discharge in May 2014, Citizens was legally prohibited from pursuing any collection against Mr. Duraj about any accounts he may have had with Citizens prior to his bankruptcy discharge so as to justify an

account review of his credit information.  As such, Citizens had actual knowledge that it did not

have a permissible purpose to access his credit information.

53.     Citizens has actual knowledge that Mr. Duraj did not request credit from or

otherwise initiate a credit transaction with Citizens at any time after May 2014. As such, Citizens

had actual knowledge that it did not have a permissible purpose to access his credit information.

54.     For Citizens to request and obtain Mr. Duraj's private, personal and financial

information in the face of actual knowledge that it had no permissible purpose to do so

constitutes a knowing and willful violation of the FCRA.

55.     Upon information and belief, Citizens is unwilling or unable to prevent its system

from requesting and obtaining Mr. Duraj's consumer report without a permissible purpose,

thereby subjecting him to having his private, personal and financial information disclosed

without his consent, authorization or other legal justification.

56.     Mr. Duraj is dumbfounded and disgusted that Citizens continues to blatantly

disregard his rights.

57.     As a direct and proximate result of Citizens's conduct as outlined above, Mr.

Duraj has suffered and will continue to suffer substantial injury including, but not limited to,

mental anguish and emotional distress from the ongoing invasion of his privacy, entitling him to

an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with

the costs of this action pursuant to 15 U.S.C. § 1681*o*.

58.     Citizens's conduct reveals a conscious and reckless disregard of Mr. Duraj's

rights.  The injuries suffered by Mr. Duraj are attended by circumstances of fraud, malice and

willful and wanton misconduct entitling him to statutory damages in the amount of up to

$1,000.00 per violation pursuant 15 U.S.C. § 1681*n*(a)(2), plus punitive damages in an amount to be determined.

**WHEREFORE** Plaintiff prays for judgment on this Claim for Relief in his favor and against Citizens, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

<u>**JURY DEMAND**</u>

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ *Sylvia A. Goldsmith*
Sylvia A. Goldsmith (No. 0064871)
GOLDSMITH & ASSOCIATES, LLC
Park West Building
20545 Center Ridge Road, Suite 120
Rocky River, Ohio 44116
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026
Email:  goldsmith@goldsmithlawyers.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *First Amended Complaint* is being filed electronically with the United States District Court for the Northern District of Ohio, on this 7th day of August 2017. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

Service of this pleading shall also be made on the new party Defendant's statutory agent per the Fed. R. Civ. Pro.

__/s/ Sylvia A. Goldsmith____
Sylvia A. Goldsmith, Esq.
**GOLDSMITH & ASSOCIATES, LLC**
Attorney for Plaintiff
