## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **STANLEY A. DURAJ** | | Case No.:  1:17-cv-775-DCN |
| | Plaintiff, | |
| | | JUDGE DONALD C. NUGENT |
| v. | | MAGISTRATE JUDGE BAUGHMAN |
| | | |
| **PNC BANK, N.A.,** | | **DEFENDANT PNC BANK'S** |
| | | **MOTION TO DISMISS** |
| | Defendant. | **PLAINTIFF'S FIRST AMENDED** |
| | | **COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant PNC Bank ("PNC") respectfully moves this Court for an order dismissing the claims brought by Plaintiff Stanley A. Duraj ("Plaintiff") in his First Amended Complaint for failure to state a claim upon which relief may be granted.  Plaintiff has failed to assert the factual allegations necessary to state a plausible claim for relief against PNC.  As such, this Court should dismiss Plaintiff's claims.  The grounds for this Motion are set forth in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ H. Toby Schisler*

H. Toby Schisler (0068306)
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Phone: (513) 977-8200
Fax:     (513) 977-8141
Email:  toby.schisler@dinsmore.com
***Attorney for Defendant PNC Bank***

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    INTRODUCTION

In his First Amended Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA") related to a "soft pull" of his credit on April 22, 2015.  However, Plaintiff lacks standing to pursue these claims because he has not asserted a concrete injury.  Even if Plaintiff had standing to pursue these claims (which he does not), he fails to allege facts sufficient to state a claim under the FCRA.  Accordingly, this Court should dismiss Plaintiff's First Amended Complaint in its entirety.

## II.    FACTUAL BACKGROUND

Plaintiff filed for Chapter 7 bankruptcy in February 2014 and received an order granting discharge of his debts on or about May 21, 2014.  (ECF No. 9 at ¶ 10, 13).  Prior to filing for bankruptcy, Plaintiff had one or more accounts with PNC.  (*Id*. at ¶ 11).  On or about April 22, 2015, PNC requested and obtained Plaintiff's consumer report information from Experian Information Solutions, Inc. ("Experian").  (*Id*. at ¶ 17).  Plaintiff's Experian consumer credit report indicated PNC represented to Experian that its request for Plaintiff's consumer report information was for "account review" purposes.  (*Id*. at ¶ 18).

On April 11, 2017 Plaintiff filed a complaint against PNC on the basis of its "soft pull," seeking actual, statutory, and punitive damages, as well as attorney fees.  (*See* ECF No. 1).  Plaintiff's complaint alleged that PNC's request for Plaintiff's consumer credit report constituted either a willful or a negligent violation of 15 U.S.C. § 1681b[1], which is

---

[1] **15 U.S.C. § 1681b − Permissible purposes of consumer reports**

**(a) In general.**  Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

the provision of the FCRA that delineates the circumstances under which a consumer reporting agency may release a consumer report. (*Id.* at ¶¶ 24-37).  On June 12, 2017, PNC filed a motion to dismiss on the basis that Plaintiff lacked standing to bring his claims and that he failed to allege facts sufficient to state a claim under the FCRA.  (*See* ECF No. 3).

Thereafter, Plaintiff filed the instant First Amended Complaint.  (*See* ECF No. 9). Plaintiff's First Amended Complaint again asserts that PNC's request for Plaintiff's consumer credit report constituted either a willful or a negligent violation of 15 U.S.C. § 1681b.  (*See* ECF No. 9 at ¶¶ 31-44).  The First Amended Complaint also asserts claims against Citizens Financial Group, Inc. for an alleged "soft pull" of Plaintiff's credit on August 11, 2015.  (*See* ECF No. 9 at ¶¶ 20, 45-58).

---

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe - -
  (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
  (B) intends to use the information for employment purposes; or
  (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
  (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
  (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
  (F) otherwise has a legitimate business need for the information—
    (i) in connection with a business transaction that is initiated by the consumer; or
    (ii) to review an account to determine whether the consumer continues to meet the terms of the account.
  (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

### III.    LAW AND ARGUMENT

"To survive a motion to dismiss, the complaint must present 'enough facts to state a claim for relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While a court examining the legal sufficiency of a complaint must construe it in the light most favorable to the plaintiff, the Court need not accept "bare assertions," "legal conclusions," or "unwarranted factual inferences." *Total Benefits*, 552 F.3d at 434; *B. & V. Distrib. Co., Inc. v. Dottore Co.*, LLC, 278 F.App'x 480, 484 (6th Cir. 2008).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). *Iqbal* clarifies that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A.    PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS BECAUSE HE HAS NOT ASSERTED A CONCRETE INJURY.

Plaintiff alleges only a technical violation of the FCRA, and fails to allege specific facts to establish he has Article III standing to assert his claims.  To establish Article III standing, Plaintiff must prove: (1) he has suffered an injury in fact; (2) that is fairly traceable to PNC's conduct; and (3) a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351

4

(1992).  Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.  *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990).

With respect to the first element, Plaintiff must show the injury in fact is concrete and particularized, as well as actual or imminent (as opposed to conjectural or hypothetical).  *Lujan,* 504 U.S. at 560; *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,* 528 U.S. 167, 180-81 (2000).  The Supreme Court recently held, "Article III standing requires a concrete injury even in the context of a statutory violation."  *Spokeo, Inc. v. Robins,* 578 U.S. ____ (2016) (slip op. at 9).  To that end, a "bare procedural violation" of the FCRA, "divorced from any concrete harm" cannot satisfy the injury in fact requirement of Article III standing.  *Id.* at 9-10.

In his First Amended Complaint, Plaintiff fails to allege a concrete harm – such as a diminished credit score or loss of employment opportunity – to establish injury in fact.  Nor could he establish such an injury in fact, as accessing a credit report for "account review" (commonly referred to as a "soft pull") does not affect a consumer's credit score.  *Leato v. Alliant Capital Mgmt. LLC,* 2015 U.S. Dist. LEXIS 26852, at *4 (N.D. Ill. March 5, 2015); *Goodby v. Wells Fargo Bank, N.A.,* 599 F.Supp.2d 934, 936 (S.D. Ohio 2008) ("an account review is classified as a "soft hit," which is an inquiry that can only be viewed by the consumer, and never by any third party, including any creditor or potential creditor.").

Rather than allege a concrete harm, Plaintiff asserts a purported statutory violation of the FCRA and claims the violation caused him to "suffer substantial injury including, but not limited to, mental anguish and emotional distress from the ongoing invasion of his privacy."  (ECF No. 9 at ¶ 43).  However, this alleged mental anguish, emotional distress, and ongoing invasion of privacy is insufficient to establish Article III

standing.   *See Smith v. Ohio State Univ.*, 191 F. Supp. 3d 750 (S.D.Ohio 2016) (plaintiffs' allegation they suffered harm when their "privacy was invaded and they were misled as to their rights under the FCRA" was insufficient to establish injury-in-fact when they admitted they did not suffer a concrete consequential damage as a result of defendant's breach of the FCRA).   Accordingly, Plaintiff lacks standing to bring his claims, therefore those claims must be dismissed.

### B.   PLAINTIFF FAILS TO ADEQUATELY PLEAD A VIOLATION OF THE FCRA.

Even if Plaintiff did have standing (which he does not), his First Amended Complaint does not properly plead a FCRA claim.  The FCRA creates a private right of action for both willful and negligent violations of its provisions.  15 U.S.C. §§ 1681n, 1681o.  Plaintiff attempts to assert both types of claims against PNC, but asserts only conclusory allegations as to the willful nature of the alleged violations, which are insufficient to state a claim under the FCRA.  Further, Plaintiff's lack of actual damages is fatal to his claims of a negligent violation of the FCRA.

### 1.   Plaintiff's Allegations Regarding PNC's Alleged Willful Violations of the FCRA are Conclusory and Thus Insufficient as a Matter of Law.

The FCRA provides, "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter [(the FCRA)] with respect to any consumer" will be liable for actual damages, and potentially statutory and punitive damages as well.  15 U.S.C. § 1681n.[2]   The Supreme Court has held that "willful"

---

[2] **15 U.S.C. § 1681n – Civil liability for willful noncompliance**

**(a) In general**

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

   **(1)**

violations, for purposes of the FCRA, also include violations that result from a reckless disregard of the law. *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 52 (2007). The Court further explained that "a company subject to [the] FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but [also] shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

In his First Amended Complaint, Plaintiff makes various conclusory allegations that PNC had "actual knowledge" it did not have a permissible purpose to obtain Plaintiff's consumer report, and therefore concludes PNC's conduct "constitutes a knowing and willful violation of the FCRA." (ECF No. 9 at ¶¶ 37-39). However, numerous courts have rejected conclusory, unsubstantiated assertions like the ones Plaintiff makes.

For example, in *Perl v. Am. Express*, S.D.N.Y., 2012 U.S. Dist. LEXIS 7719 (Jan. 19, 2012), the court dismissed an FCRA claim because "[w]hile the plaintiffs assert[ed] that each defendant's FCRA violation was willful, they [did] so in a conclusory manner" that "did not provide enough factual content to allow [the court] to draw the reasonable

---

**(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

**(B)** in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

**(2)** such amount of punitive damages as the court may allow; and

**(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**(b) Civil liability for knowing noncompliance**

Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

inference that the alleged violation was willful." *Id*. at *6-7. Plaintiffs' assertions were insufficient even though they suggested "knowledge on defendants' part by demonstrating a pattern of conduct." *Id*. at *6.

In *Mnatsakanyan v. Goldsmith & Hull APC,* 2013 U.S. Dist. LEXIS 189380 (C.D. Cal. May 14, 2013), the court dismissed an FCRA claim, explaining that pleading only a "cursory statement" of a willful violation "was insufficient to state a claim that [defendant] acted willfully when it inquired concerning plaintiff's credit."

Here, Plaintiff does not provide sufficient factual content to suggest PNC's alleged violation was willful. Plaintiff does not allege that PNC engaged in a pattern of "soft pulls," which may suggest knowledge on PNC's part. *See Perl,* 2012 U.S. Dist. LEXIS 7719 at *6. Instead, Plaintiff baldly asserts PNC "had actual knowledge that it did not have a permissible purpose to obtain such [credit] information." (ECF No. 9 at ¶ 37). This allegation is insufficient as a matter of law.

Interestingly, Plaintiff's First Amended Complaint implicitly acknowledges PNC's conduct may have been unintentional. Specifically, the First Amended Complaint states "PNC is unwilling **or unable** to prevent its system from requesting and obtaining [Plaintiff's] consumer report without a permissible purpose." (*Id*. at ¶ 41) (emphasis added). This admission, which recognizes PNC's conduct may have been unintentional, undercuts any claims PNC's conduct was willful or reckless. *See Augustin v. Capital One*, E.D.N.Y., 2015 U.S. Dist. LEXIS 129550 (July 27, 2015) (where the plaintiff failed to provide "factual allegations that would render it facially plausible that Defendant's conduct was the product of willfulness or reckless disregard, rather than the product of mistake.")

Because Plaintiff's First Amended Complaint presents only unsubstantiated, conclusory allegations that PNC willfully violated the FCRA, his claim must be dismissed as a matter of law.

> **2.** **Plaintiff Fails to State a Claim for a Negligent Violation of the FCRA Because He Fails to Allege Actual Damages.**

15 U.S.C. § 1681o provides that any person who negligently fails to comply with the FCRA shall be liable for "any actual damages sustained by the consumer as a result of the [offender's] failure." To prevail on claims under 35 U.S.C. §1681o, a plaintiff must establish: (1) actual damages; and (2) a causal relationship between the damage and the defendant's alleged violations of the FCRA. *Moore v. First Advantage Enter. Screening Corp.,* N.D. OH No. 4:12CV00792, 2013 U.S. Dist. LEXIS 54907, *11 (Apr. 17, 2013) (Nugent, J.). "While 'actual damages' may include emotional distress, because emotional distress damages are so easy to manufacture, courts have imposed a strict standard to be applied for them to be recoverable." *Garrett v. Trans Union, LLC,* 2006 US Dist. LEXIS 73395, 2006 WL 2850499, *30 (S.D. Ohio Sept. 29, 2006). Accordingly, "generalized claims of emotional injury are not enough to establish damages" with respect to a negligent violation of the FCRA. *Id.* at *30; *Goodby v. Wells Fargo Bank, N.A.,* 599 F.Supp.2d 934, 944 (S.D. Ohio 2008). When a plaintiff's testimony is the only proof of emotional damages, he or she must explain the circumstances of the injury in reasonable detail and cannot simply rely on conclusory statements. *Goodby* at 944.

In his First Amended Complaint, Plaintiff alleges damages for the "past and future mental distress and emotional anguish from the ongoing (and threatened future) invasion of Plaintiff's privacy and other damages and harm that will be presented to the

9

jury." (ECF No. 9 at ¶ 28, 43).  However, Plaintiff's generalized claims of mental distress and emotional anguish are insufficient to establish damages under the FCRA, as these claims are impermissibly conclusory.  *Goodby* at 944.

Defendant makes no other allegations of actual damages, such as loss of employment or decrease in credit score, to justify recovery under 15 U.S.C. § 1681o.  Nor could he.  As explained above, a "soft pull" of credit does not impact an individual's credit score and cannot be seen by creditors or lenders.  *Leato,* 2015 U.S. Dist. LEXIS 26852, at *4.  As such, Plaintiff cannot establish he was damaged by the "soft pull" of credit, even construing all allegations in his favor.  *Garrett,* 2006 US Dist. LEXIS 73395 at *31 *citing Casella v. Equifax Credit Information Services,* 56 F.3d 469, 473 (2d Cir. 1995) (where the court rejected the plaintiff's claim he was entitled to emotional distress damages simply because he **knew** of an inaccurate and potentially damaging report when there was no evidence the report was given to a third party).

Even if Plaintiff were to allege PNC's conduct negatively impacted his credit score (which he has not), this allegation is insufficient to establish actual damages.  *Adams v. Fifth Third Bank*, W.D.Ky. No. 3:16-CV-00218-TBR, 2017 U.S. Dist. LEXIS 18932 (Feb. 9, 2017) (where the court found that plaintiffs' claims that their credit scores were "up to five points" lower as a result of the defendant's conduct were insufficient to constitute actual damages under the FCRA).  *See also Young v. Harbor Motor Works, Inc.,* 2008 U.S. Dist. LEXIS 111909, at *13 (N.D. Ind. Dec. 18, 2008); *Nowlin v. Avis Budget Group,* 2011 U.S. Dist. LEXIS 152163 at *4 (M.D.N.C. Dec. 22, 2011).

Plaintiff's First Amended Complaint provides only generalized claims of emotional injury, which do not constitute actual damages.  As there is no basis for a

recovery under 15 U.S.C. § 1681o for a negligent violation of the FCRA, Plaintiff's claim must be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Defendant PNC Bank respectfully requests that this Court dismiss the claims brought by Plaintiff Stanley A. Duraj, with prejudice.

Respectfully submitted,

*/s/ H. Toby Schisler*
H. Toby Schisler (0068306)
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Phone:        (513) 977-8200
Fax:          (513) 977-8141
Email:        toby.schisler@dinsmore.com

**Attorney for Defendant PNC Bank**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and accurate copy of the foregoing **Motion to Dismiss** was served via the Court's CM/ECF filing system on August 24, 2017.


*/s/ **H. Toby Schisler***