IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DURAJ, | ) CASE NO.: 1:17 CV 775 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| PNC BANK, N.A., *et al.*, | ) |
| Defendants. | ) <u>MEMORANDUM OPINION</u> <u>AND ORDER</u> |

This matter is before the Court on the Motions to Dismiss Plaintiff's First Amended Complaint, filed by Defendant PNC Bank, N.A. ("PNC"), and Citizens Bank, N.A. ("Citizens"). (ECF #12, 19). Plaintiff filed an Opposition to both motions, and Defendant, PNC Bank, NA ("PNC") filed a Reply in support of its Motion. (ECF #18, 20, 21). The matter is now fully briefed and ripe for review.

## FACTUAL AND PROCEDURAL HISTORY[1]

The First Amended Complaint (ECF #9) brings claims against Defendants PNC Bank, NA and Citizens Financial Group Inc for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681b(f). According to the Complaint, Defendants are both "users" of consumer credit and other financial information as defined under FCRA, and are furnishers of consumer credit information to the three national consumer reporting agencies. For purposes of this motion, the parties do not dispute that Mr. Duraj had one or more accounts with PNC Bank and with Citizens or its predecessor, prior to his filing of bankruptcy in February of 2014. Mr. Duraj alleges that his accounts with both Defendants were discharged by the Bankruptcy Court in May of 2014, and that both Defendants had knowledge of the discharge. The Complaint also alleges that following the discharge, in April of 2015, PNC requested and obtained Mr. Duraj's consumer report from Experian Information Solutions, Inc. ("Experian"), for "account review" purposes, and that this request was not authorized under the FCRA. The Complaint also alleges that Citizens requested and obtained Mr. Duraj's consumer report in August of 2015, for "account review" purposes, in violation of the FCRA. At the time of the requests, Mr. Duraj claims that he had no personal obligation on any account with PNC or Citizens, and that he had not requested or otherwise initiated any credit transaction or debt obligation with either Defendant since his bankruptcy discharge. Further, the Complaint alleges that the Defendants have been notified of disputes by "dozens, if not hundreds" of other consumers who have been subject to similar illegal access to their financial and credit

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

information following bankruptcy discharge. Mr. Duraj claims that these unauthorized requests for his private financial information are a violation of his privacy and that the intrusions have caused him emotional stress by creating a fear of future invasions of privacy and of the possibility that the Defendants are planning to engage in illegal collection efforts against him.

## STANDARD OF REVIEW

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

Section 1681b of the FCRA allows a credit reporting agency to disclose consumer

information to requesters for certain delineated purposes. Plaintiff asserts that Defendants did not seek the requested information for any approved purpose. Defendant claims that even if they did not seek the information for legitimate reason, Plaintiff suffered no harm and, therefore, has no constitutional standing to bring the claim. Further, Defendants argue that Plaintiff did not adequately plead a willful or negligent violation of the FCRA.

A. **Standing**

To establish Article III standing, a Plaintiff must prove: (1) that he has suffered an injury in fact; (2) that it is fairly traceable to PNC's conduct; and, (3) that a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). An injury in fact must be concrete and particularized, as well as actual and imminent. *Lujan*, 504 U.S. at 560; *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-81 (2000). The Article III requirement of a concrete injury applies even in the context of a statutory violation. *Spokeo, Inc. v. Robbins*, 578 U.S. ____, 2016 WL 282447, 136 S. Ct. 1540 (2016). A "bare procedural violation divorced from any concrete harm" does not satisfy the constitutional standing requirements. *Id.* An injury, however, does not have to be tangible to be concrete. *Id.* To determine whether an intangible harm constitutes an injury in fact, both history and the judgment of Congress play important roles." *Spokeo*, 136 S. Ct. at 1549.

Although Mr. Duraj does not allege any harm to his credit score, he does allege emotional harm resulting from an invasion of his privacy and the stress of knowing that the Defendants have and may continue to view his personal financial information for improper purposes.

Congress has expressed its judgment that unauthorized disclosures of a consumer's private personal and financial information creates a harm that is to be avoided. The invasion of privacy is also a harm that is generally recognized in the common law outside of the context of a statutory violation. Although often intangible, an invasion of privacy has an actual negative effect on a plaintiff. It is not simply a bare procedural violation.[2] This Court and others have found, since *Spokeo*, that the right to privacy is substantive and violations of that right constitute a concrete harm sufficient to establish Article III standing. *See, Griffin v. Bank of America, N.A.*, unreported, Case No., 1:16-CV-1259 (N.D. Ohio December 28, 2016)(J. Nugent); *In re Nickelodeon Consumer Privacy Litig.*, -- F.3d --, 2016 WL 3513782, at *7 (3d Cir. June 27, 2016); *Thomas v. FTS USA, LLC*, Case No. 3:13-cv-825-REP (E.D. Va. June 30, 2016). Therefore, the Complaint, which alleges emotional distress and invasion of privacy, alleges sufficient harm to satisfy the Article III standing requirements, even post-*Spokeo*.

B. **Sufficiency of Pleadings**

The FCRA provides that a "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer" is liable for actual damages, and potentially statutory and punitive damages. 15 U.S.C. §1681n(a). It also provides that any person who "obtains a consumer report from a consumer reporting agency under false pretenses

---

[2] A bare procedural violation occurs when a Defendant violates a statutory requirement that, although required, has no actual effect on the Plaintiff in that particular case. For example, if a Defendant failed to provide a notice in the required font and size, but the Plaintiff read the notice and understood it nonetheless, there is only a procedural violation, and no actual or concrete harm has occurred. By contrast, the alleged violation in this case, by its very nature, involves an invasion of the Plaintiff's privacy, which needs no further effect to constitute a harm.

or knowingly without a permissible purpose" will be liable for actual damages or $1000.00 statutory damages, whichever is greater. 15 U.S.C. §1681n(b).

The First Amended Complaint alleges that PNC and Citizens both obtained Mr. Duraj's credit report without a permissible purpose. It lays out facts that would demonstrate why these banks had no permissible reason to request the reports. It also alleges that the banks had actual knowledge that they were requesting the reports, and had actual knowledge that they had no permissible reason to do so. Whether the alleged activities were undertaken willfully, negligently, or not at all, is a factual question that will be resolved at a later stage of the litigation. For purposes of this motion, however, the claim has been properly pled and the First Amended Complaint sufficiently states a cause of action for both willful and negligent violations of the FCRA, in the alternative.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss (ECF #12, 19) are hereby DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Judge Donald C. Nugent
United States District Judge

Date: November 15, 2017